# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

DEVARIOUS MOORE
ADC #133403                                                                    PETITIONER


VS.                              5:14CV00094 JLH/JTR


WENDY KELLEY, Director,
Arkansas Department of Correction[1]                          RESPONDENT


## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge J. Leon Holmes. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the entry of this Recommendation. The failure to timely file objections may result in waiver of the right to appeal questions of fact.

---

[1] Wendy Kelley is automatically substituted as Respondent pursuant to Fed. R. Civ. P. 25(d).

## I. Background

Pending before the Court is a § 2254 habeas Petition filed by Petitioner, Devarious Moore ("Moore"). *Doc. 1*. Before addressing Moore's habeas claims, the Court will review the relevant procedural history of this case in state court.

On May 5, 2005, Moore entered guilty pleas in two cases in Crittenden County Circuit Court. In Case No. CR2004-401 ("*Moore I*"), he pleaded guilty to a pending probation revocation petition[2] and was sentenced to 120 months in the ADC. *Doc. 8-1 at 17*. In Case No. CR2005-269-A, ("*Moore II*"), he pleaded guilty to the sale of a controlled substance, a Class Y felony, and received a 120-month "suspended imposition of sentence."[3] The sentencing judge imposed the two sentences to run concurrently. *Doc. 8-1 at 19*.

The record is unclear on when Moore was paroled from the ADC; however, it appears to have been sometime prior to approximately August 1, 2007.

On September 14, 2007, the state filed a Petition to revoke Moore's suspended sentence in *Moore II* based on new criminal conduct that he allegedly committed on August 8, 2007. *Doc. 8-1 at 21*. On September 21, 2007, that revocation petition was *nolle prossed*. *Doc. 8-1 at 23*.

---

[2] Moore was on probation, following his conviction for possession of a controlled substance, a Class C felony. *Doc. 8-1 at 17*.

[3] Under Arkansas law, the so-called "suspended imposition of sentence" or "SIS" is a "procedure in which a defendant who pleads guilty . . . is released by the court without pronouncement of sentence" but is subject to specified conditions during a period of "suspension." Ark. Code. §§ 5-4-101(5) (2005). If a court revokes a SIS during the period of "suspension," it may then sentence a defendant to a period of incarceration within the full statutory range of punishment that might have been imposed originally for the offense. Ark. Code Ann. § 5-4-309(f)(1)(A) (2005) (repealed and now codified at Ark. Code Ann. § 16-93-308 (2015)).

On November 10, 2010, the state filed another Petition to revoke Moore's suspended sentence in *Moore II* based on new criminal conduct that he allegedly committed sometime in 2010. *Doc. 8-1 at 24*. On January 18, 2011, that revocation petition was *nolle prossed*. *Doc. 8-1 at 31*.

On April 14, 2012, the state filed a third Petition to revoke Moore's suspended sentence in *Moore II*. *Doc. 8-1 at 32*. It alleged that Moore had: (1) failed to pay court costs and fees; (2) failed to notify the sheriff of his current address and place of employment; and (3) engaged in new criminal conduct consisting of first-degree domestic battery, kidnapping, possession of a controlled substance with the purpose to deliver, and the possession and use of marijuana. *Id.*

On June 26, 2012, after conducting a revocation hearing, the trial court revoked Moore's suspended sentence in *Moore II*, and entered a Judgment and Commitment Order that sentenced him to 300 months in the ADC. *Doc. 8-1 at 37*.

Moore appealed his conviction and sentence to the Arkansas Court of Appeals, which affirmed on March 6, 2013. *Moore v. State*, 2013 Ark. App. 159, 2013 WL 840837 (2013). After the appellate mandate issued, on March 26, 2013, Moore did *not* pursue Rule 37 relief.

Moore initiated this habeas action on March 17, 2014. *Doc. 1*. In his Petition, he argues that: (1) there was insufficient evidence that he violated any condition of his suspended sentence in *Moore II*; (2) the trial court failed to

provide him with a written statement of reasons for revoking his suspended sentence; (3) he received ineffective assistance of counsel at his revocation hearing; and (4) the 300-sentence he received is "illegal."

Respondent argues that Moore's habeas claims are: (1) not cognizable in a habeas action; (2) procedurally defaulted; and (3) fail on the merits. *Doc. 8.*

For the reasons discussed below, the Court recommends that the Petition for a Writ of Habeas Corpus be denied, and that the case be dismissed, with prejudice.

## II. Discussion

### A.     The Sufficiency of the Evidence Supporting the Revocation of Moore's Suspended Sentence in *Moore II*

Moore argues that "the state did not introduce sufficient evidence to support a finding that [he] violated any condition of his suspended sentence." *Doc. 1 at 17.* Under Arkansas law, a suspended sentence may be revoked "upon a finding by a preponderance of the evidence that the defendant has inexcusably failed to comply with a condition of SIS." *Humphrey v. State*, 2015 Ark. App. 179, 458 S.W.3d 265 (2015); Ark. Code Ann. § 16-93-308(d) (2012).

At the conclusion of the June 26, 2012 revocation hearing, the trial court found, by a preponderance of the evidence, that Moore violated the conditions of his suspended sentence by: (1) failing to pay his court costs; (2) testing positive for marijuana use; and (3) possessing marijuana. *Doc. 8-2 at 62-63.* The trial court made *no specific findings* on whether Moore had also committed first-degree

4

domestic battery; kidnapping; and possession of a controlled substance with the purpose to deliver. *See Doc. 8-2 at 62-63*.

On appeal, Moore argued only that the evidence was insufficient to support the charges that he was guilty of kidnapping and possession of a controlled substance with the purpose to deliver. Because he did not challenge the sufficiency of evidence on the violations cited by the trial court to support the revocation of his suspended sentence in *Moore II*, the Arkansas Court of Appeals rejected his challenge to the sufficiency of the evidence. *See Moore*, 2013 Ark. App. 159, *2, 2013 WL 840837, *2 ("[Moore] does not challenge the findings that he tested positive for marijuana, failed to pay as previously ordered, and possessed marijuana. We will affirm when the appellant fails to attack the trial court's independent, alternate grounds for revoking suspension. Because Moore did not challenge the independent, alternate grounds that were the bases of the decision to revoke, we affirm.") (internal citation omitted).

In this habeas action, Moore now makes the entirely conclusory argument that there was insufficient evidence to support the revocation of his suspended sentence. Based on the record, that argument is clearly without merit.

Among other things, the conditions of his suspended sentence required him: (1) to pay $750 in court costs; and (2) prohibited the use or possession of marijuana. *Doc. 8-1 at 15*. At the June 26, 2012 revocation hearing, Crittenden

5

County Sheriff's Office employee Deborah Wiseman testified that Moore had made *no payments* toward the costs that were ordered. *Doc. 8-2 at 25*. Arkansas Department of Community Correction Supervisor April Thomas testified that, on January 17, 2012, Moore tested positive for marijuana. *Doc. 8-2 at 29-30*. Finally, West Memphis Police Officer Matt Presley testified that he responded to a domestic disturbance incident at 1:00 a.m. on April 2, 2012. After arriving at the residence, he arrested Moore and discovered he was in possession of a 4-gram baggie of marijuana. *Doc. 8-2 at 41-42*. Thus, there was strong evidence that preponderated in favor of the trial court's decision that Moore "inexcusably failed" to comply with multiple conditions of his suspended sentence.

    **B.**    **The Trial Court's Failure to Provide Moore With A Written Statement of Reasons for Revocation of the Suspended Sentence in *Moore II***

Second, Moore argues that he is entitled to habeas relief because the trial court did not provide him with a "written statement of the evidence relied on and the reasons for revoking suspension" as required by Ark Code Ann. § 5-4-310(b)(5) (2011) (now repealed and re-codified at Ark. Code Ann. § 16-93-307(b)(5) (Supp. 2015)).

This claim fails because it merely alleges noncompliance with a state statute. It is well established that § 2254 habeas relief is only available for federal constitutional violations, *not* for alleged errors of state law. *Evenstad v. Carlson*,

470 F.3d 777, 782-83 (8th Cir. 2006); 28 U.S.C. § 2254(d)(1). Moreover, while the record does not reflect whether the trial court provided Moore with a "written statement of reasons" for revocation, the trial court did explain to Moore its reasons for revoking the suspended sentence. *Doc. 8-2 at 62-63*. Thus, Moore was on actual notice of the reasons for his revocation.

## C.    Ineffective Assistance of Counsel

According to Moore, his trial lawyer provided him with ineffective assistance of counsel because he did not move for a directed verdict on all of the grounds asserted by the state at the revocation hearing. Respondent correctly points out that Moore procedurally defaulted this argument because it was never raised in a Rule 37 proceeding in state court. *See Murphy v. King*, 652 F.3d 845, 848–50 (8th Cir. 2011) (a habeas petitioner must "fairly present" his claim to the state courts) (*citing Coleman v. Thompson*, 501 U.S. 722, 750 (1991)).

To escape having procedurally defaulted this claim, Moore attempts to fit within the *narrow exception* created by the Court in *Martinez v. Ryan*, 132 S. Ct. 1309 (2012).

Under Arkansas law, an ineffective assistance of counsel claim must be raised initially in a Rule 37 proceeding. According to the Court's holding in *Martinez*, a procedural default does *not* bar federal habeas review if the Arkansas defendant did not receive court-appointed counsel to represent him in the Rule 37

proceeding, and raise the ineffective assistance of counsel claim on his behalf. *See Martinez,* 132 S. Ct. at 1320.

Here, *Martinez cannot* be applied to Moore's habeas claims because *he never initiated a Rule 37 action.* Courts have consistently held that a habeas petitioner must at least *initiate* the "initial collateral review proceeding" before the failure to appoint counsel *in that proceeding* can be deemed to equitably preclude procedural default. *See e.g. Anderson v. Clarke*, 2014 WL 1203032, *5 (E.D. Va. 24, 2014) ("*Martinez* does not apply when the defendant fails to initiate any state court collateral review proceeding whatsoever"); *Jones v. Pennsylvania*, 492 Fed. Appx. 242 (3rd Cir. 2012) (unpublished) ("we conclude that the *Martinez* analysis is inapplicable where the criminal defendant did not initiate any state collateral review proceeding whatsoever."); *Anderson v. Koster*, 2012 WL 1898781, *9 (W.D. Mo. 2012) ("*Martinez* is inapposite because, here, the petitioner himself is at fault for not filing a pro se [postconviction] motion in the first place.").

Moore also makes the conclusory assertion that he was "misinformed" about the need to file a Rule 37 action, and this constitutes "cause" to excuse his procedural default. However, under well-established law, a *pro se* litigant is still charged with knowing the law relevant to his habeas claims, and he cannot fault others for "misinforming" him about the law. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Johnson v. Hobbs*, 678 F.3d 607, 611 (8th Cir. 2012); *Shoemate*

*v. Norris*, 390 F.3d 595, 597–98 (8th Cir. 2004); *Weeks v. Bowersox*, 106 F.3d 248, 249 (8th Cir. 1997); *Cornman v. Armontrout*, 959 F.2d 727, 729 (8th Cir. 1992). Accordingly, as a matter of law, Moore's ineffective assistance of counsel argument is procedurally defaulted.

### D.    Illegal Sentence

Finally, Moore argues that his sentence in *Moore II* is "illegal" under Arkansas law because: (1) the trial court was prohibited from imposing a suspended sentence on a Class Y felony; and (2) the trial court effectively made his "original concurrent sentence run consecutively."

First, under Arkansas law, a defendant is permitted to challenge the validity of his sentence "at any time," in the sentencing court, by filing a motion pursuant to Ark. Code Ann. § 16-90-111. *Williams v. State*, 2016 Ark. 16, *2, 2016 WL 270777 (Ark. 2016) ("section 16–90–111 . . . provides a means to challenge a sentence at any time on the ground that the sentence is illegal on its face."). Because Moore failed to challenge the validity of his sentence in state court, he has not exhausted his remedies in state court, as required by the AEDPA. *See* 28 U.S.C. 2254(b)(1)(A); *Pollard v. Armontrout*, 16 F.3d 295, 297 (8th Cir. 1994); *Kennedy v. Delo*, 959 F.2d 112, 115 (8th Cir. 1992).

Second, on its face, Moore's argument that he received an "illegal sentence" is without merit. Moore contends his sentence is "illegal" under Ark. Code Ann. §§

5-4-301 and § 5-4-104 (2005), which generally prohibit the imposition of a suspended sentence for a Class Y felony. He argues that, when he was sentenced in *Moore II,* for a Class Y felony conviction, the trial court was required to impose a sentence of incarceration. Because the trial court was prohibited from imposing a suspended sentence, the subsequent revocation proceeding and resulting sentence of incarceration is now void.

In making this argument, Moore overlooks a line of Arkansas Supreme Court cases that have explicitly *rejected* his argument and held that, as to Class Y felonies under the Arkansas Uniform Controlled Substance Act (Ark. Code Ann. § 5-64-401), sentencing courts were authorized to impose probationary and suspended sentences for Class Y controlled substance offenses under the 2005 sentencing scheme applicable to Moore. *See Murry v. Hobbs*, 2014 Ark. 98, 2014 WL 805342 (Ark. 2014) (citing cases); *Crouse v. State*, 2012 Ark. 442, 2012 WL 5963197 (Ark. 2012) (citing cases).  Thus, on the merits, Moore's illegal sentence argument also fails.

As to Moore's argument that his sentence was somehow "illegally consecutive," he ignores the fact that his period of incarceration in *Moore I* was running concurrent with the period of suspension imposed in *Moore II*. Once his suspended sentence was revoked in *Moore II*, the trial court imposed a sentence of 300 months, well within the 120 to 480 range authorized for a Class Y felony. *See*

Ark. Code Ann. § 5-4-401 (2005). Thus, after the suspended sentence in *Moore II* was revoked, there was nothing "illegal" about the sentence of incarceration that was imposed by the trial court.

### III. Conclusion

IT IS THEREFORE RECOMMENDED that the Petition for a Writ of Habeas Corpus be DENIED, and that the case be DISMISSED, WITH PREJUDICE. IT IS FURTHER RECOMMENDED THAT a Certificate of Appealability be DENIED pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases.

Dated this 18th day of February, 2016.

_____
UNITED STATES MAGISTRATE JUDGE